Guy A. Van Baalen, Esq.
Assistant U.S. Trustee
10 Broad Street
Utica, New York 13501

Craig R. Fritzsch, Esq.
34 Chenango Street
Suite 401
Binghamton, NY 13901

L. David Zube, Esq.
59 Court Street
5th Floor
Binghamton, NY 13901

Re:   MARK MICHA
      CASE NO.  04-69054
      Chapter 7

**LETTER DECISION and ORDER**

The Office of the United States Trustee ("UST") has filed a motion dated April 28, 2005, pursuant to § 329 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 ("Code"), seeking an examination of pre-petition fees paid to Craig R. Fritzsch, Esq ("Fritzsch") in connection with his representation of the within Debtor, and for an order of disgorgement for failure to comply with the requirements of § 329(a) and Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.") 2016(b). The motion initially appeared on the Court's motion calendar in Binghamton, N.Y. on June 23, 2005, and was, thereafter, adjourned to a motion calendar in Binghamton on September 29, 2005, and, finally, to a motion calendar on October 20, 2005. Following the October 20th calendar, the matter was submitted for written decision.

The UST's motion indicates that on or about March 22, 2005, she received correspondence

from the Chapter 7 case trustee, L. David Zube, Esq. ("Zube" or "Trustee"), advising that Fritzsch failed to produce the original bankruptcy petition and schedules at the meeting of creditors held pursuant to Code § 341 for the Trustee's inspection. Thereafter, Zube reported that when Fritzsch produced the original petition and schedules at his office, there were a number of omissions and mistakes, most notable of which were the absence of Fritzsch's signature on the petition, the crossing out of the typed in date of the petition, November 1, 2004, and the writing in of the new date of December 30, 2004. In addition, the Fed.R.Bankr.P. 2016(b) Disclosure of Compensation filed by Fritzsch was incomplete as to the amount of attorney's fees charged and paid pre-petition. The UST alleged that it appeared that the petition and schedules had been ready for filing on or about November 1st, but were not actually filed until December 30th, and that the information contained therein might be "stale and outdated" as of the actual filing date. (*See* UST's Motion dated April 28, 2005 at ¶ 9). In addition, the UST notes that a debtor's attorney must disclose, "fully and completely all fee arrangements and payments." (*Id.* at ¶ 10). In the instant case, the UST notes that even after being directed by Zube to file amendments to the Fed.R.Bankr.P. 2016 (b) statement, Fritzsch failed to do so. Thus, the UST insists that Fritzsch be required to disgorge any and all compensation paid to him pre-petition due to his failure to comply with Code § 329 and Fed.R.Bankr.P.2016(b).

Fritzsch responds that the Debtor first came to his office in the late spring or summer of 2003, and over the course of many visits, the Debtor paid his office the attorney's fee and filing fee for his bankruptcy petition. Fritzsch alleges that, thereafter, he discovered "numerous issues" attributable to his then secretary, one Danielle Mitchell, who he alleges apparently absconded with, among other things, the Debtor's fee. Fritzsch alleges that he filed felony forgery charges against

Ms. Mitchell, and that she is currently a fugitive from justice. He asserts that because payment was made (though he never actually received it) more than a year prior to the filing, he was not required to disclose it. He did not address the UST's allegations regarding the discrepancies in the actual date of the petition. With regard to Fritzsch's failure to sign the Debtor's petition, he alleges that when he appeared at Zube's office to produce the original petition, he signed it in Zube's presence.

Following the oral argument on June 23rd, the Court adjourned the matter until September 29, 2005, and requested that Fritzsch provide the Court and the UST with an affidavit from the Debtor regarding his payment of the attorney's fees, as well as copies of the criminal complaint filed against his former secretary. On September 29th, having not received the requested documentation, the Court adjourned the matter until October 20, 2005, and renewed its request for further documentation. At the hearing held on October 20th, Fritzsch presented the Court with the Affidavit of the Debtor in which he confirmed that he had initially consulted Fritzsch in the early spring of 2003, but that he was not certain at that point whether he needed to file bankruptcy. He asserted that he paid the attorney's fee in the late summer of 2003, but that he did not decide to go through with the bankruptcy until late summer or early fall of 2004. Fritzsch did not provide any evidence of criminal proceedings against his former secretary, nor did the Debtor produce any receipts or cancelled checks reflecting his payment of Fritzsch's fees.

At oral argument held on October 20th, Fritzsch noted his efforts to comply with the petition deficiencies pointed out by Zube and suggested that they were simply unintentional omissions which he corrected when called upon to do so. With regard to the incomplete Rule 2016(b) statement,

4

Fritzsch asserted in his Affirmation, dated 6/20/05, as well as his Affirmation dated 10/14/05,[1] that he did not have to disclose the fees paid by the Debtor because they had been received more than one year prior to the filing of the petition and were exempt from disclosure pursuant to Code § 329(a). When questioned by the Court on October 20, 2005, why he only partially filled out the Rule 2016(b) statement checking the boxes indicating that the source of his compensation was "Other" and that he had agreed to share that compensation with a third party, not a member or associate of his law firm, Fritzsch indicated that he didn't know why he checked the boxes indicating those answers.[2]

Fritzsch's explanation as to why he only partially filled out the Rule 2016(b) statement is less than adequate. As suggested by the UST at oral argument, if the Micha fee had been paid more than one year prior to the filing of the Chapter 7 case, as Fritzsch contends, at a minimum, an explanation to that effect should have been included in the statement. Complete and accurate disclosure of pre-petition compensation is at the very heart of the bankruptcy system. *See In re Ostas*, 158 B.R. 312, 320 (N.D.N.Y. 1993); *see generally, In re Laferriere*, 286 B.R. 520 (Bankr. D. Vt. 2002); *In re Redding*, 263 B.R. 874 (8th BAP 2001), *amended in part on reh'g,* 265 B.R. 601 (8th BAP Cir.2001); *In re Whaley*, 282 B.R. 38 (Bankr. M.D. Fla. 2002); *In re Argento*, 282 B.R. 108 (Bankr. D. Mass.2002).

In *Ostas,* the Hon. Neal P. McCurn, Senior District Judge, U.S. District Court, Northern

---

[1] The Court notes that neither at oral argument nor in either of his Affirmations filed with the Court has Fritzsch offered an explanation of the deletion of the typed in date on the petition and insertion of a hand written date.

[2] At one point Fritzsch opined, somewhat incredulously, that in checking the box indicating that he had shared the compensation with a third party perhaps he was referring to his former secretary who allegedly absconded with the Micha fee.

5

District of New York, cited with approval the findings of the bankruptcy court in *In re Saturley,* 131

B.R. 509 (Bankr. D.Me. 1991):

> Just as counsel seeking approval of employment must come forward with full, candid and complete disclosures to enable parties-in-interest and the court to assess the propriety of employment, . . . , so must debtor's counsel lay bare all its dealings, antecedent and anticipated, regarding compensation for work **"in contemplation of or in connection with the case**." *Id.* at 516-17 (quoting 11 U.S.C. § 329(a)) (other citations omitted) (emphasis added). Then, in quite strong language, the court went on to explain the purpose of such broad and stringent disclosure requirements under that statute:
>
> Anything less than the full measure of disclosure leaves counsel at risk that all compensation may be denied..... The court may exercise its discretion to deny or reduce fees for counsel's failure to disclose its fee arrangements **whether or not actual harm** accrues to the estate..... Whatever the explanation for disclosure inadequacies, it reflects poorly on responsible counsel; ...; and the resulting potential for frustration of the Code's policy of thorough scrutiny is unacceptable. . . . *Id.* at 517 (citations omitted) (emphasis added).

*Ostas*, 158 B.R. at 321. Judge McCurn then commented that "[a]s the foregoing demonstrates, the disclosure obligations of a debtor's attorney under section 329 and Rule 2016 are broad indeed." *Id.* Furthermore, the fact that the failure to disclose is inadvertent or the result of negligence is not a defense. *See Laferriere*, 286 B.R. at 526; *In re Campbell*, 259 B.R. 615, 629 (Bankr. N.D. Ohio 2001)*; In re Keller Financial Services of Florida, Inc*., 248 B.R. 859, 886 (Bankr. M.D. Fla. 2000).

While Fritzsch's explanation appears to be supported by the Affirmation of his client to the effect that his fee was paid in the "late summer of 2003," the content of the partially completed Rule 2016(b) statement is inconsistent with that assertion. Further, the total lack of any documentation to support either the Affirmation of Fritzsch or Micha undermines their credibility. While this might be nothing more than a case of sloppy lawyering in which a number of mistakes were made, as the UST observed at the October 20th hearing, "we are big boys here, your honor, you can't rely on just

6

saying I'm sorry." Indeed, the concept of excusable neglect, based on inadvertence, mistake, carelessness or intervening circumstances beyond a party's control, has no application in a failure to disclose case. As United States Bankruptcy Judge Colleen Brown observed in *Laferriere,*

> in instances of disclosure violations, "*No exceptions* are to be made based upon inadvertency (slipshodness) or good faith." *In re Kero-Sun, Inc.,* 58 B.R. 770, 780 (Bankr. D. Conn. 1985) (emphasis added). Rather the Court believes the standard should be something akin to the "extraordinary circumstances" standard applied to requests for bankruptcy approval of retaining professional persons *nunc pro tunc*."

*Laferriere,* 286 B.R. 531.

This Court is at a loss to find any facts here that would constitute extraordinary circumstances. Admittedly, the alleged theft of fees (including the Debtor's) by Fritzsch's former secretary may have caused a temporary diversion, but some three months appear to have elapsed between the secretary's departure and the filing of the Rule 2016(b) statement. The Court simply cannot accept Fritzsch's assertion that he failed to accurately disclose the fee paid by the Debtor because it had been paid more than a year prior to the filing of the Debtor's case. It would have been a relatively simple task to have noted that in the Rule 2016(b) statement. Instead, Fritzsch filed a statement that was incomplete at best and seriously misleading at worst. The obvious failure of Fritzsch to treat the disclosure of compensation with any degree of professional responsibility mandates a disgorgement of fees. Since there is nothing in this record which indicates the actual fee paid by the Debtor to Fritzsch, coupled with his assertion that he never actually received the fee, the Court will direct Fritzsch to disgorge the sum of $500, to be paid over to Zube within forty-five (45) days of the date of this Order.

With regard to Fritzsch's initial failure to sign the Petition, the Court believes that he has escaped the imposition of sanctions by subsequently signing the Petition in Zube's office well before

7

the filing of this motion.  *See* Fed.R.Bankr.P. 9011(c)(1)(A).   Accordingly, the Court will impose no sanctions for violation of Fed.R.Bankr.P. 9011.

    IT IS SO ORDERED.


Dated at Utica, New York

this 6th day of January 2006



                                  /s/   Stephen D.  Gerling
                                  STEPHEN D. GERLING
                                  Chief U.S. Bankruptcy Judge